## MANN v. SCHNEIDER.

(Supreme Court, Appellate Term. May 15, 1908.)

MASTER AND SERVANT—ACTIONS FOR WAGES—EVIDENCE—ADMISSIBILITY.

    On an issue of payment in an action for wages, questions of plaintiff whether during the time in question she paid anything for board, and, if so, how much, and if she had drawn any money out of the bank to pay her board, were improperly excluded, since if plaintiff did not draw any money from the bank, or otherwise obtain it while she claimed defendant withheld her wages, and nevertheless paid her board, such testimony would have tended to show what she had received as wages.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Clara Mann against Philip Schneider. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Alex. B. Greenberg, for appellant.

GIEGERICH, J. The plaintiff, a saleswoman, brings this action for wages. The pleadings were oral, and the defense was a general denial. Evidence of payment was given without objection on the part of the plaintiff. There was a sharp conflict of testimony upon the latter issue, and upon the question whether the defendant or his father was the owner of the store where the plaintiff was employed. The plaintiff testified that she worked for the defendant for a period of eight weeks, that he withheld from her wages of $9 per week from $3 to $5 each week for the first four weeks, and that he did not pay her anything for the remainder of the time she so claims to have been employed by him. The judgment was for $49 and costs.

The plaintiff stated she lived in a boarding house, and was asked if she had any money except what she earned from the defendant with which to pay board, to which she replied that she had money

in bank. The defendant then sought to ascertain from her whether during the time in question she paid anything for board, and, if so, how much; but this testimony was excluded, and the defendant excepted. She was asked by the defendant's counsel if she had drawn any money out of the bank with which to pay board, and this evidence was likewise excluded. The foregoing testimony had an important bearing upon the issues in the case. If it could have been shown that the plaintiff did not draw any money from the bank in question, or otherwise obtain money during the time she claims the defendant withheld her wages, and that she nevertheless paid her board, such testimony would have tended to show what she had received for wages. We therefore think all such rulings were prejudicial to the defendant.

It appears that the defendant did not know the name of the bank until he heard it mentioned at the trial, and consequently could not have caused the production at the trial of the evidence desired. The defendant gave testimony to the effect that on the day subsequent to the plaintiff's alleged promise to pay for the missing goods the latter paid to him $60 for the same, which payment, it is claimed, was made with $10 she had had in her pocket and $50 she went and drew from the bank. Although the incident relative to the missing goods was not directly in issue, the facts regarding the alleged payment of said sum of $60 were as above shown, and would, if admitted or proven, have strongly corroborated the defendant's testimony with respect thereto. These matters were therefore relevant, and the exclusion of the testimony constituted reversible error.

For the errors so committed the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. GREENBAUM, J., concurs in the result.